```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
JAMES E. CROSS,
                              *
     Plaintiff,
                              *    CIVIL NO.: WDQ-06-0510
v.
                              *
CALIFORNIA SUNSHINE
ACTIVEWEAR, INC., *ET AL.*,   *

     Defendants               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

James E. Cross has sued California Sunshine Activewear, Inc., ("CSA") and Playboy Enterprises International, Inc., ("PEI") for infringement of United States Letters Patent Number Des. 341,471 (the "'471 patent").

Pending is the Defendants' motion to dismiss for improper venue or, in the alternative, to transfer the case to the United States District Court for the Central District of California. For the reasons discussed below, the Defendants' motion to dismiss will be denied, and the Defendants' motion to transfer will be granted.

I.   Background

On November 23, 1993, Cross was granted the '471 patent, which claims an ornamental design for a T-shirt. *Id*. ¶¶ 6-7. CSA and PEI marketed and sold a T-shirt with a PEI Rabbit Head

1

design; Cross alleges that their T-shirt design infringes the '471 patent. *Id*. ¶¶ 8-9. On February 28, 2006, Cross, an Indiana resident, filed suit against CSA, a California corporation, and PEI, an Illinois corporation, in the United States District Court for the District of Maryland for the alleged infringement.

II. Analysis

The Defendants have moved to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this action to the Central District of California under 28 U.S.C. § 1404(a). In support of their motion, the Defendants focus almost entirely on § 1404(a),[1] arguing that: 1) venue is proper in the Central District of California; and 2) transfer would be for the convenience of the parties and witnesses and in the interest of justice.[2] Mem. Supp. Mot. at 10.

---

[1] The parties have focused their arguments on the factors relevant to transfer under § 1404(a) and have failed to adequately discuss either the general venue statute, 28 U.S.C. § 1391, and the patent venue statute, 28 U.S.C. § 1400(b). The Defendants mentioned § 1400(b) in passing when arguing that venue is *more* proper in the Central District of California but they have not argued that venue is improper in Maryland.

[2] Transfer is usually preferred to dismissal. *Davis Media Group, Inc. v. Best Western Int'l. Inc.*, 302 F.Supp.2d 464, 470 (D. Md. 2004) (citing 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3827, p. 274 (2nd ed. 1986).

A.   Standard of Review

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Congress intended the statute "to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D. Md. 2002)(citations omitted).  The decision to transfer is within the sound discretion of the district court.  *Id*.

The parties have not disputed that this action could have been brought in the Central District of California, therefore, the Court need only consider the factors related to convenience. *Cole-Tuve, Inc. v. Am. Machine Tools Corp.*, 342 F.Supp.2d 362, 369 (D. Md. 2004).  These factors include: 1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties; and 4) the interest of justice.  *Lynch*, 237 F.Supp.2d at 617.  In a motion under § 1404(a) the moving party bears the burden of showing that transfer to another forum is proper.  *Id*.

B.   Plaintiff's Choice of Venue

A plaintiff's choice of forum is given considerable weight unless none of the conduct subject to complaint occurred in the forum, and the forum has no connection with the matter in controversy. *Cole-Tuve*, 342 F.Supp.2d at 370. Maryland does not have a strong interest in providing redress to Cross, who is not a Maryland resident. *First Am. First, Inc. v. Nat'l Ass'n of Bank Women*, 802 F.2d 1511, 1517 (4th Cir. 1986).

The Defendants assert that CSA manufactured 17,159 allegedly infringing T-shirts. Mem. Supp. Mot. Ex. 1 (Affidavit of Pierre Serror, Chief Executive Officer of CSA, ¶ 14). CSA sold 14,623 of the T-shirts throughout the United States and Canada. *Id*. ¶¶ 21-22. Just 15 such shirts were sold to customers in Maryland. *Id*. ¶ 21. In addition, CSA sold 2,536 of the allegedly infringing T-shirts to PEI for re-sale by PEI as a third party. *Id*. ¶ 20. Of that total, PEI sold 882 pieces, and just 23 were shipped to customers in Maryland. Mem. Supp. Mot. Ex. 2 (Affidavit of Howard Shapiro, Executive Vice President, Law and Administration, General Counsel and Secretary of PEI, ¶ 11-12). Of the 17,159 allegedly infringing items, just 38 ended up in Maryland.

In a patent infringement action, "the preferred forum is that which is the center of the accused activity" and "the trier of fact ought to be as close as possible to the milieu of the

4

infringing device and the hub of activity centered around its production." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F.Supp.2d 517, 519 (E.D. Va. 1999)(citations omitted).

Here, most of the allegedly infringing T-shirts were manufactured in Hong Kong with the remainder made in Carson, California.  Serror Aff. ¶ 14.  Those made in Hong Kong were imported to the United States though California and CSA's customs agent is located in Los Angeles.  *Id.* ¶¶ 15-16.  CSA's importation, storage, marketing, sales and distribution of the allegedly infringing T-shirts were performed in Los Angeles and by some independent sales agents, none of whom was located in Maryland.  *Id.* ¶ 18.

As Cross is not a Maryland resident, just 0.2% of the allegedly infringing activity was directed toward Maryland and the center of activity was California, Cross's choice of Maryland as a forum is entitled only to limited deference.

C.   Witness Convenience and Access

The Defendants argue that the location of the witnesses weighs in its favor.  Here, the Defendants identify six former employees involved in, *inter alia*, the design, manufacturing, storage, marketing and sales of the allegedly infringing T-shirts.  Serror Aff. ¶ 25; *see Cole-Tuve*, 342 F.Supp.2d at 370 (discussing the importance of identifying witnesses and informing the Court of their potential testimony and inconvenience).  The

5

Defendants assert via affidavit that all of these potential witnesses live in California.  *Id*.

In response, Cross speculates that "with all probability" he will have experts located within 100 miles of the district courthouse in Baltimore.  Mem. Opp. Mot. at 4.  The clear implication is that experts have not yet been retained.  Cross has not identified a single witness located in Maryland.

The Court finds that witness convenience and access militate in favor of transfer.

D.   Convenience of the Parties

Courts should not "blindly prefer the plaintiff's choice of forum[;]" it "must reflect the plaintiff's rational and legitimate concerns."  *Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F.Supp. 759, 764 (D. Del. 1991).  Of particular importance here, "[t]he movant's burden is easier where the plaintiff has not brought suit on its 'home turf' because the interest in litigating in a convenient forum is reduced."  *Id*.

Here the Plaintiff is from Indiana, not Maryland.  Travel to either California or Maryland from Indiana would require air travel.  Cross's inconvenience will not be considerably worsened by a transfer.

In support of his choice of forum, Cross argues that he has retained experienced patent counsel in Maryland and intends to

6

retain experts located within 100 miles of Baltimore. Mem. Opp. Mot. at 4. These considerations are not determinative of the decision whether to retain Cross' choice of forum.

In addition, CSA asserts that it is incorporated in California and has always maintained its principal place of business in Los Angeles, California. Serror Aff. ¶ 3-4. Indeed, CSA has never owned or maintained offices outside of Los Angeles. *Id*. ¶ 5. In addition, Serror, the CEO of CSA, lives in California. *Id*. ¶ 2. The Defendants also assert that all documents related to the allegedly infringing T-shirts are located in Los Angeles. *Id*. ¶ 27. PEI is incorporated in Delaware and maintains its principal place of business in Illinois. Shapiro Aff. ¶¶ 2-3. The Defendants assert that PEI maintains six offices in California and has no offices in Maryland. *Id*. ¶¶ 4-5.

The Court concludes that the convenience of the parties weighs in favor of transfer.

E.  Interest of Justice

The interest of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253, 1260 (E.D. Va. 1988).

These factors include, *inter alia*, the court's familiarity

7

with applicable law. *Lynch*, 237 F.Supp.2d at 618. The law at issue is federal patent law; the Central District of California and the District of Maryland are equally qualified to interpret and apply Federal law. In addition, given that Cross is not a Maryland resident and that a small percentage of the allegedly infringing conduct occurred here, Maryland does not have a strong interest in providing a remedy. Upon consideration of these factors, the Court finds that although it will not be a disservice to justice to transfer this case, this factor is roughly neutral.

On balance, California represents the better venue as the witnesses and the company that engaged in the initial design and subsequent importation, storage, marketing and distribution of the allegedly infringing T-shirts are all located there. Cross chose Maryland as the forum primarily because it is the home of his counsel and potential experts. Accordingly, the case will be transferred to the Central District of California.

VI. Conclusion

For the reasons stated above, the motion to dismiss will be denied, and the motion to transfer will be granted.

<u>November 16, 2006</u>                      <u>        /s/              </u>
Date                                  William D. Quarles, Jr.
                                      United States District Judge